IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-36,203-08






EX PARTE RICKEY LOUIS JACKSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 22369-422 IN THE 422ND DISTRICT COURT


FROM KAUFMAN COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to four (4) years' imprisonment. 

 Applicant contends that he was arrested for violating the terms of his mandatory supervision
release in February 2006, that he requested a revocation hearing, and he has not had a revocation
hearing. 

 The trial court found that there were controverted previously unresolved issues material to
Applicant's confinement and entered an order designating issues on September 8, 2006. The trial
court ordered the parties to submit materials regarding inter alia the revocation hearing. Applicant
has filed supplemental documents indicting that a hearing was scheduled for 10/30/2006. However,
the record does not show whether a hearing was actually held. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's mandatory supervision
was revoked solely because he had been erroneously released on mandatory supervision. The trial
court shall also make findings of fact as to the date Applicant was arrested for violating the terms of
his mandatory supervision release. The trial court shall also make findings of fact as to whether a
revocation hearing has been held. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: January 24, 2007

Do not publish